UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARISOL THURSTON,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

18 Civ. 3022 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Pending before this Court is Plaintiff's counsel's motion for attorney's fees in the amount of $17,004.25 for the work performed in pursuing Plaintiff's social security appeal. (Dkt. No. 38)  For the reasons stated below, Plaintiff's counsel's motion will be granted.

## BACKGROUND

      Plaintiff Marisol Thurston commenced this action against Defendant Commissioner of Social Security (the "Commissioner") on April 5, 2018, seeking review of the Commissioner's decision to deny Plaintiff's application for disability insurance benefits. (Cmplt. (Dkt. No. 1) ¶¶ 1, 6)

      In April 2019, the parties stipulated – with the Court's approval – that the Commissioner's decision would be reversed, and that the case would be remanded to the Commissioner for further administrative proceedings.  (Dkt. Nos. 30-31)  In May 2019, the parties – with the Court's approval – stipulated that the Commissioner would pay Plaintiff $7,800 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, for the work performed between 2018 and 2019 in pursuing Plaintiff's social security appeal.  (Dkt. Nos. 33-34; see Osborn Decl. (Dkt. No. 40) ¶ 8; id., Ex. 2 (Dkt. No. 40-2) at 3)

Upon remand to the Commissioner, a second hearing was held before an administrative law judge ("ALJ"), and the ALJ found that Plaintiff is disabled and entitled to benefits. (Osborn Decl. (Dkt. No. 40) ¶ 11; id., Ex. 4 (Dkt. No. 40-4) (Sept. 24, 2019 Notice of Decision)) On June 14, 2020, the Social Security Administration issued a Notice of Award, which states that $17,004.25, or 25% of past due benefits, had been withheld from Plaintiff's award for the payment of fees to representatives or counsel. (Osborn Decl. (Dkt. No. 40) ¶ 13; id., Ex. 5 (Dkt. No. 40-5) (Notice of Award))

Pending before this Court is Plaintiff's counsel's motion for attorney's fees in the amount of $17,004.25, pursuant to 42 U.S.C § 406(b). (Dkt. No. 38)[1]  Defendant does not object to the amount requested, but requests that Plaintiff's counsel refund to Plaintiff the $7,800 in fees previously awarded to Plaintiff pursuant to the EAJA. (Def. Ltr. (Dkt. No. 37) at 2)

## DISCUSSION

### I.  LEGAL STANDARDS

The Social Security Act states, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(1)(A). "As an alternative to fee petitions, the Social Security Act . . . accommodates contingent-fee agreements filed with the agency in advance of a ruling on the claim for benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). The Second Circuit has listed three factors to consider when assessing the reasonableness of the amount requested in attorney's fees under a contingency fee arrangement: (1) whether the amount requested exceeds

---

[1] Plaintiff's counsel's motion was originally filed on June 18, 2020 (Dkt. No. 35), but was terminated due to a filing error and refiled on July 29, 2020 (Dkt. No. 38).

the statutory 25 percent cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. See Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Fee awards may be made under both the EAJA and Section 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (citation omitted).

## II.   ANALYSIS

Here, Plaintiff and her attorney entered into a fee agreement on April 4, 2018, providing that Plaintiff's counsel would be entitled to the greater of 25% of past due benefits resulting from her claim or "[s]uch amount as [her] attorney is able to obtain pursuant to the Equal Access to Justice Act." (See Osborn Decl., Ex. 1 (Dkt. No. 40-1) (fee agreement))  That agreement also states that, if Plaintiff's counsel is awarded fees pursuant to 42 U.S.C. § 406(b), "he will refund the smaller of the amounts between the 406(b) fees and the EAJA fees to me[,] the client, or my family." (Id.)

Applying the Wells v. Sullivan factors, this Court concludes that the amount of fees requested by counsel – $17,004.25, representing 25% of Plaintiff's past due benefits – satisfies Section 406(1)(A)'s statutory cap.  In addition, Plaintiff's counsel has submitted records showing that he performed 39 hours of work between March 2018 and March 2019.  (Osborn Decl., Ex. 2 (Dkt. No. 40-2) at 3 (time records))  The fee requested thus reflects a de facto hourly rate of approximately $436 ($17,004.25 / 39 = $436.01).  Upon reviewing the record, this Court finds that this amount is reasonable, and would not constitute a windfall to Plaintiff's counsel. See Brown v. Colvin, No. 15 Civ. 04823, 2018 WL 6061199, at *3 (S.D.N.Y. Nov. 20, 2018) (reducing § 406(b) fee request from $18,675 ($750 per hour) to $12,450 ($500 per hour)); Cahill v. Colvin, No. 12 Civ. 9445, 2016 WL 4581342, at *2 (S.D.N.Y. Sept. 2, 2016) (finding fee

request of $13,875.73 ($481.80 per hour) reasonable); Rivera v. Berryhill, No. 13 Civ. 5060, 2018 WL 2436942, at *3 (E.D.N.Y. May 30, 2018) (reducing § 406(b) fee requested from $34,547.25 ($874.61 per hour) to $19,750 ($500 per hour)). There is also no evidence of fraud or overreaching in the making of the fee agreement.

Accordingly, Plaintiff's counsel's motion for attorney's fees in the amount of $17,004.25 will be granted. Plaintiff's counsel is, however, directed to refund to Plaintiff the $7,800 previously awarded to Plaintiff under the EAJA.

## CONCLUSION

For the reasons stated above, Plaintiff's counsel's request for $17,004.25 in attorney's fees is granted, and Plaintiff's counsel is directed to refund to Plaintiff the $7,800 previously awarded to Plaintiff under the EAJA. The Clerk of Court is directed to terminate the motion at Docket Number 38.

Dated: New York, New York
September 21, 2022

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

4